By the Court,

Savage, Ch. J.
I can perceive but two points which could have been raised in the common pleas upon the justice’s return : first, as to the admission of the set-off, and second, whether the warranty was valid, not being made at the time of the sale.
1. As to the first point, the justice and plaintiff agreed to receive the set-off on the payment of the costs, which of course meant the costs of the default; but the defendant did not pay them. This was not a case for set-off without the plaintiff’s consent. A set-off can be allowed in actions founded upon demands which could themselves be the subject of set-off according to law. 2 R. S. 354, § 18, sub. 5. Damages for breach of warranty in the sale of a horse cannot be set off; they are not for property real or personal sold, for money paid, or services done; nor are they liquidated nor capable of liquidation by calculation, id. sub. 3.
2. The warranty was made shortly before the sale—a few days only. In Lysney v. Selby, Ld. Raym. 1120, Lord Holt says, “ If, upon a treaty about buying certain goods, the seller ^warrants them, the buyer takes time for a few days, and then gives the seller his price, though the warranty was before the sale, yet this will be well, because the warranty was the ground of the treaty ; and this is warrantizando vendidit. According to this rule, the warranty was binding, nothing appearing to vary the liability of the defendant. There was no dispute about facts, nor contradiction of witnesses.
The justice’s judgment should have been affirmed, and the judgment of the common pleas must therefore be reversed.